IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JANE DOE L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-1762 (MN) |
| | ) | |
| AIMBRIDGE HOSPITALITY, LLC, D/B/A AIMBRIDGE HOSPITALITY AND/OR JEWEL RESORTS; AND DOES 1 TO 100, INCLUSIVE, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

David A. Felice, BAILEY GLASSER LLP, Wilmington, DE – Attorney for Plaintiff

Michael J. Logullo, RAWLE & HENDERSON LLP, Wilmington, DE; Brandon J. Hechtman, Josefine Blick, WICKER, SMITH, O'HARA, MCCOY AND FORD, P.A., Coral Gables, FL – Attorneys for Defendant

September 21, 2020
Wilmington, Delaware


**NOREIKA, U.S. DISTRICT JUDGE:**

Presently before the Court is Defendant Aimbridge Hospitality LLC's ("Defendant" or "Aimbridge") motion to dismiss (D.I. 18) Plaintiff Jane Doe, L.C.'s ("Plaintiff") First Amended Complaint (D.I. 14) under: (1) the doctrine of *forum non conveniens*; (2) Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted; and (3) Fed. R. Civ. P. 12(b)(7) for failure to join various indispensable parties. For the reasons set forth below, the Court GRANTS Defendant's motion on the basis of *forum non conveniens*; and does not reach Defendant's remaining arguments.[1]

## I.     BACKGROUND

On September 19, 2019, Plaintiff, a Canadian citizen and resident, filed the present action, alleging that as a result of Defendant's negligence, she was repeatedly attacked and sexually assaulted by the staff of the Jewel Dunn's River Beach Resort & Spa ("the Resort") in Ocho Rios, Jamaica, while vacationing on September 22-23, 2017. (D.I. 1 ¶¶ 64–79). Plaintiff alleges that the Resort operated pursuant to a management agreement between its then-owner, Jamaican business entity Sagicor Life Jamaica Limited ("Sagicor"), and Aimbridge Jamaica Limited

---

[1] The Court notes that the presence of the Doe defendants (as alleged, most likely foreign citizens) calls into question whether or not this matter is properly before this Court – as the Plaintiff is a foreign citizen, even a single foreign defendant defeats diversity for the purposes of subject matter jurisdiction. *See Field v. Volkswagenwerk AG*, 626 F.3d 293, 296 (3d Cir. 1980) (remarking that an action by an alien against citizens of a state and another alien lacks diversity); *c.f. Singh v. Daimler-Benz AG*, 9 F.3d 303, 305 (3d Cir. 1993) (noting that multiple circuits, including the Third Circuit, apply the complete diversity requirement to aliens, and that 28 U.S.C. § 1332(a)(2) does not expressly provide that one alien may sue another in federal court). The Court need not resolve the issue, however, because a court "may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant." *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 432 (2007).

("AJL"), a St. Lucian entity affiliated with Aimbridge. (D.I. 14 ¶ 23). Aimbridge is a limited liability company organized under the laws of Delaware. (D.I. 14 ¶ 2).

On November 8, 2019, Defendant filed a motion to dismiss for lack of subject matter jurisdiction. (D.I. 11). In response, on December 6, 2019, Plaintiff filed a First Amended Complaint ("Amended Complaint") (D.I. 14). In the Amended Complaint, Plaintiff revised her original claims, averring four counts: negligence, negligent hiring; negligent supervision and retention; and intentional or negligent failure to warn. (*See* D.I. 14). On January 14, 2020, Defendant filed the present motion to dismiss, claiming that Plaintiff failed to state a claim against Aimbridge, failed to join indispensable parties Sagicor and AJL, and that the case should be dismissed under the doctrine of *forum non conveniens*. (*See* D.I. 18 & 19).

## II. **LEGAL STANDARD**

"Under the federal doctrine of *forum non conveniens*, 'when an alternative forum has jurisdiction to hear [a] case, and when trial in the chosen forum would "establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience," or when the "chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems," the court may, in the exercise of its sound discretion, dismiss the case,' even if jurisdiction and proper venue are established." *Am. Dredging Co. v. Miller*, 510 U.S. 443, 447-48 (1994) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981), in turn quoting *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)).

"The doctrine presupposes the existence of an alternative forum that has jurisdiction over the parties and the claims." *British Telecommunications PLC v. Fortinet Inc.*, 424 F. Supp. 3d 362, 367 (D. Del. 2019) (citing *Am. Dredging*, 510 U.S. at 447 and *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947)). "'Thus, [a]t the outset of any *forum non conveniens* inquiry, the court

2

must determine whether there exists an alternative forum.'" *Id.* (quoting *Piper*, 454 U.S. at 254 n.22). Generally, "this requirement will be satisfied when the defendant is 'amenable to process' in the other jurisdiction." *Piper*, 454 U.S. at 254 (citing *Gulf Oil*, 330 U.S. at 506–07). In rare circumstances, however,

> where the remedy offered by the other forum is clearly unsatisfactory, the other forum may not be an adequate alternative, and the initial requirement may not be satisfied. Thus, for example, dismissal would not be appropriate where the alternative dispute forum does not permit litigation of the subject matter in dispute.

*Piper*, 454 U.S. at 254 n.22, 102 S.Ct. 252 (citation omitted).

Following *Piper*, the Third Circuit has held that a district court confronted with a motion to dismiss on *forum non conveniens* grounds must "first determine whether an adequate forum can entertain the case." *Windt v. Qwest Commc'ns, Inc.*, 529 F.3d 183, 189–90 (3d Cir. 2008). The defendant bears the burden of establishing that an adequate alternative forum exists. *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 180 (3d Cir. 1991). When a defendant invokes *forum non conveniens*, the court engages in a four-step inquiry:

> [A] district must first determine whether an adequate alternative forum can entertain the case. If such a forum exists, the district court must then determine the appropriate amount of deference to be given the plaintiff's choice of forum. Once the district court has determined the amount of deference due the plaintiff's choice of forum, the district court must balance the relevant public and private interest factors. If the balance of these factors indicates that trial in the chosen forum would result in the oppression or vexation to the defendant out of all proportion to the plaintiff's convenience, the district court may, in its discretion, dismiss the case on *forum non conveniens* grounds.

*Windt*, 529 F.3d at 189–90; *see also Wilmot*, 712 Fed. App'x 202.

### III.  DISCUSSION

Balancing the relevant factors, the Court finds that Jamaica provides an adequate alternative forum for this action and that any deference given to Plaintiff's choice of forum is

3

substantially and sufficiently outweighed by public and private interest factors that favor the resolution of this action in Jamaica. Accordingly, this case will be dismissed for *forum non conveniens*.

        A.        <u>Plaintiff's Choice of Forum Deserves Less Deference</u>

A plaintiff's choice of forum is ordinarily viewed with "a strong presumption of convenience." *Kisano Trade & Invest*, 737 F.3d at 873. "When a plaintiff is foreign, however, the choice of a United States forum 'deserves less deference.'" *Id.* at 874 (quoting *Piper Aircraft*, 454 U.S. at 256). Although the "touchstone inquiry" for deference is not citizenship, but the convenience of the forum, the Third Circuit recognizes that "a foreign plaintiff's choice to bring a case in the United States is less likely to be based on convenience." *Wilmot*, 712 Fed. App'x at 203.

Plaintiff is a Canadian citizen who resides in Canada, and the events forming the basis of the instant action are alleged to have taken place in Jamaica. (*See* D.I. 14 ¶¶ 1 & 8). Presumably, any such incidents took place in the presence of Jamaican witnesses. Furthermore, the Resort was owned by Sagicor, a Jamaican entity, and managed by an AJL, a St. Lucian entity with its principal place of business in Jamaica. (D.I. 14 ¶ 23; D.I. 19-1 ¶¶ 7 & 8). The action's only connection to the District of Delaware is that Aimbridge is incorporated in Delaware.[2] There is limited, if any, evidence that Plaintiff's choice of forum was based upon convenience and thus, Plaintiff's choice is due significantly less deference than the ordinarily-strong presumption of convenience. *See Wilmot*, 712 Fed. App'x at 203 (holding that when "alleged injury occurred in Egypt at an Egyptian hotel, in the presence of witnesses from . . . Egypt . . . [and] the lawsuit's only connection

---

[2]    Although this Court declines to reach the issue, it bears noting that whether Aimbridge is properly a party to this action is disputed by the parties.

to the District of Delaware is that it is the defendants' place of incorporation," the District Court properly found "little basis in convenience" and was within its discretion to "afford that choice less deference.").

      B.      <u>Jamaica Provides an Adequate Alternative Forum</u>

To dismiss a case under the doctrine of *forum non conveniens*, an adequate alternative forum must be available. *Wilmot*, 702 Fed. App'x at 203; *see Piper Aircraft*, 454 U.S. at 254 n.22 ("At the outset of any *forum non conveniens* inquiry, the court must determine whether there exists an alternative forum."). "Ordinarily, this requirement will be satisfied when the defendant is 'amenable to process' in the other jurisdiction." *Piper Aircraft*, 454 U.S. at 254 n.22; *accord Wilmot*, 712 Fed. App'x at 203 (holding an alternative forum to be available if "all defendants are amenable to process there"). A forum in which Plaintiff's claims are cognizable and Defendant is amenable to service should be declared unsuitable only in the "rare circumstances" where the remedy provided is "so clearly inadequate or unsatisfactory as to provide no remedy at all." *Id.* at 203-04.

Jamaica is an adequate alternative forum for this lawsuit. United States courts have recognized Jamaica as a common law jurisdiction with a developed and independent judiciary. *See, e.g.*, *Proyectos Orchimex De Costa Rica, S.A. v. E.I. DuPont de Nemours & Co.*, 896 F. Supp. 1197, 1201 (M.D. Fla. 1995). The parties do not dispute that Jamaica recognizes claims for both negligence and fraud, or that a plaintiff may sue an employer for failing to provide competent staff or remove dangerous staff members. Furthermore, Aimbridge stipulates to jurisdiction in Jamaica. (D.I. 19 at 10).[3]

---

[3]     Plaintiff states that Jamaican courts, regardless of Aimbridge's consent, "will not exercise jurisdiction over foreign corporations and persons who do not have a nexus to Jamaica." (D.I. 21 at 14). Plaintiff's statement of the law, however, is not followed by the averment,

5

Plaintiff's contention that Jamaica is an inadequate forum because its laws would not provide her with a trial by jury is inapposite. Multiple courts in this Circuit have held that the right to a jury trial is not necessary to find an alternative forum adequate. *See, e.g.*, *Copia Comm'cns, LLC v. AMResorts, L.P.*, No. 16-5575, 2017 WL 4102687, at *9-10 (E.D. Pa. Sept. 11, 2017) (holding Jamaica to be an adequate alternative forum despite lack of trial by jury); *Doe v. Ritz Carlton Hotel Co., LLC*, NO. 14-4423, 2015 WL 221106, at *5 (E.D. Pa. Jan. 14, 2015), *aff'd*, 666 Fed. App'x 180 (3d Cir. 2016) (holding Cayman Islands to be an adequate alternative forum despite no right to trial by jury).

Nor is this Court persuaded by Plaintiff's contention that Jamaica is an improper forum because a Jamaican trial would deny her the counsel of her choice – her currently-retained U.S.-trained counsel. This contention is made without support in the law, and does not sway this Court.

Thus, the Court holds, in concert with multiple courts both within and outside this circuit, that Jamaica provides an adequate alternative forum for this action. *See, e.g.*, *Seales v. Panamaian Aviation Co.*, 356 Fed. App'x 461, 464 (2d. Cir. 2009) ("Jamaica is an adequate alternative forum."); *Copia Comm'cns*, 2017 WL 4102687, at *9-10 (same); *Proyectos Orchimex*, 896 F. Supp. at 1201 (same).

C.   Private Interest Considerations Favor Jamaica as a Forum

Private interests to be considered in a *forum non conveniens* analysis include: "the ease of access to sources of proof; ability to compel witness attendance if necessary; means to view relevant premises and objects; and any other potential obstacle impeding an otherwise easy, cost-

---

let alone evidence, that Jamaican courts would find that Aimbridge lacks a "nexus to Jamaica." On the contrary, Plaintiff's entire case against Aimbridge relies upon Aimbridge having a "nexus" with the Jamaican property in question.

effective, and expeditious trial." *Wilmot*, 712 Fed. App'x at 205 (quoting *Kisano Trade & Invest*, 737 F.3d at 873).

Analysis of these factors favors Jamaica as a forum. This Court cannot compel the attendance or testimony of Jamaican witnesses, access sources of proof located in Jamaica, or view the relevant premises or objects – all of which appear critical to the resolution of this action. Affidavits indicate that the management agreement between AJL and Sagicor was terminated in May 2018, leaving Defendants without "any practical or legal method to compel production of documents and witnesses" from the Resort. (D.I. 19-1). The Court also notes that, regardless of her citizenship, Plaintiff *resides* in Canada. Accordingly, Plaintiff will be required to travel internationally to participate in this lawsuit whether it is in Delaware or Jamaica.

The courts of Jamaica, ostensibly able to compel testimony and the production of evidence within Jamaica's borders, are a superior forum for access to and efficiency of witness testimony, evidence collection, and the litigation of this action.

D.  Public Interest Considerations Favor Jamaica as a Forum

"Public interests include administrative difficulties arising from increasingly overburdened courts; local interests in having the case tried at home; desire to have the forum match the law that is to govern the case to avoid conflict of laws problems or difficulty in the application of foreign law; and avoiding unfairly burdening citizens in an unrelated forum with jury duty." *Wilmot*, 712 Fed. App'x at 205.

Delaware has little, if any, local interest in the resolution of this matter: there are no allegations that any Delaware resident or citizen was harmed, nor are there any allegations of

7

conduct that took place in Delaware.[4]  Here, a Canadian resident and citizen was allegedly assaulted in Jamaica by Jamaican residents at a hotel owned by a Jamaican entity and managed by a St. Lucian entity headquartered in Jamaica.  (*See generally* D.I. 14).

The United States Supreme Court has stated unequivocally that "there is a local interest in having localized controversies decided at home."  *Piper Aircraft*, 454 U.S. at 268.  Public interest regarding the resolution of this incident inures to the setting in which the alleged incident took place – Jamaica.  *See Wilmot*, 712 Fed. App'x at 205 (finding public interest factors weighing against the District of Delaware when the subject hotel and incident in question were situated in Egypt and the plaintiff was a U.K. citizen residing abroad).  "Other than being [Defendant's] place of incorporation, the District of Delaware has little interest in resolving this case" – particularly when compared to Jamaica's interest.  *Id.*

Additionally, in light of Delaware's minimal interest in the resolution of this matter, this Court finds that it would be improper to burden Delaware's citizens with jury duty related to this action.  *See Copia Comm'cns*, 2017 WL 4102687, at *13 ("[A] jury of Pennsylvania citizens, having no interest in having Plaintiff's claims tried here, should not be burdened with serving on a jury to resolve this dispute.").

This Court finds that the public interest favors Jamaica as a forum.

E.     Remainder of Defendant's Motion

Having found it proper to dismiss this action under the doctrine of *forum non conveniens*, this Court declines to address the remainder of Defendant's motion, and therefore renders no

---

[4]     Plaintiff acknowledges that Defendant, while incorporated under the laws of Delaware, maintains its principal place of business in Texas, and that its members are residents of Texas and California.  (D.I. 14 ¶ 2).

8

finding as to whether Plaintiff has joined all indispensable parties or stated a claim upon which relief can be granted.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (D.I. 18) is GRANTED on the basis of *forum non conveniens*.  An appropriate order will follow.